UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, LYNDA AZEVEDO,          No. 2:08-cv-02237-MCE-KJM
DIANA MURDOCK, CHRISTINA CARNES,
MINA JO GUERRERO, MIRACLE JOHNSON,
ROSANNE LAZUKA, PATRICIA LOGAN,
TERESA LYON, THERESA ORTH, and
MARA GRACE SMITH,

        Plaintiffs,

    v.                                   **MEMORANDUM AND ORDER**

NEW ALBERTSON'S INC.,
ALBERTSON'S, INC., SAVE-MART
SUPERMARKETS, INC., LUCKY'S INC.,

        Defendants.

                        ----oo0oo----

    Defendant Save Mart Supermarkets Inc., as successor in
interest to Albertsons, Inc. and Albertsons, LLC ("Defendant"),
move for summary judgment as to Plaintiff Teresa Lyon ("Plaintiff")
on grounds that Ms. Lyon's complaints of harassment, retaliation
and discrimination in violation of the California Fair and
Employment and Housing Act ("FEHA"), her claim for wrongful
termination in violation of public policy, and her allegations
that Defendant violated the California Family Rights Act ("CFRA")[1]
are barred by the applicable statutes of limitation.

_____

    [1] These claims are set forth in Plaintiff's First, Second,
and Third Causes of Action, respectively.

1

1  Plaintiff has not opposed Defendant's Motion.  As set forth below,
2  the Court finds that the Motion is well-taken and will be
3  granted.[2]

4
5                              **BACKGROUND**
6
7       Plaintiff worked for Defendant and its predecessor in
8  interest from May 21, 1996 through September 26, 2005.  She
9  worked in various capacities at several different store
10 locations.  Plaintiff Lyon is one of eleven different Plaintiffs
11 bringing this action for alleged conduct that occurred when they
12 worked at Defendant's Vallejo store.  She alleges she was
13 discriminated against based on a hostile work environment and she
14 was denied family or medical leave to care for her disabled
15 father.  As a result, Plaintiff contends she was forced to quit
16 Defendant's employ.  As stated above, Plaintiff alleges
17 violations of the FEHA and CFRA along with claims that she was
18 ultimately constructively terminated in violation of public
19 policy.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26
27       [2] Because oral argument was not deemed to be of material
   assistance, this matter was submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(g).

                                  2

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986); First Nat'l Bank v. Cities Ser. Co., 391 U.S. 253, 288-289 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.

3

1   Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
2   the fact in contention is material, i.e., a fact that might
3   affect the outcome of the suit under the governing law, and that
4   the dispute is genuine, i.e., the evidence is such that a
5   reasonable jury could return a verdict for the nonmoving party.
6   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
7   (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
8   Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
9   "before the evidence is left to the jury, there is a preliminary
10  question for the judge, not whether there is literally no
11  evidence, but whether there is any upon which a jury could
12  properly proceed to find a verdict for the party producing it,
13  upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
14  251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.
15  Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the
16  moving party has carried its burden under Rule 56(c), its
17  opponent must do more than simply show that there is some
18  metaphysical doubt as to the material facts ... Where the record
19  taken as a whole could not lead a rational trier of fact to find
20  for the nonmoving party, there is no 'genuine issue for trial.'"
21  Matsushita, 475 U.S. at 586-87.

22
23                              **ANALYSIS**
24
25       Prior to filing a suit for violation of the FEHA, a
26  plaintiff must file an administrative complaint with the
27  California Department of Fair Employment and Housing ("DFEH") and
28  receive a "right to sue" letter.

                                   4

1   Cal. Gov't Code §§ 12960, 12965(b).  That administrative

2   complaint must be filed not later than one year after the date on

3   which the alleged unlawful employment act occurred.  Id. at

4   12960(d).  The CFRA is part of the FEHA and therefore any claim

5   submitted pursuant to the CFRA is subject to the same

6   requirements before any civil suit can be instituted.  Dudley v.

7   Dep't of Transp., 90 Cal. App. 4th 255, 260, 265-66 (2001).

8   Failure to exhaust administrative remedies is a jurisdictional

9   defect upon which dismissal of a plaintiff's complaint may

10  properly be predicated.  Okoli v. Lockheed Technical Operations

11  Co., 36 Cal. App. 4th 1607, 1613 (1995); Martin v. Lockheed

12  Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994).

13       Here, Ms. Lyon was terminated on September 26, 2005 and she

14  does not allege that any harassment or other unlawful acts could

15  possibly have occurred after her termination.  Def.'s Undisputed

16  Fact ("UF") Nos. 2, 4-5.  Her Complaint of Discrimination was

17  filed on March 21, 2007, more than one year later.  UF No. 3.  As

18  such, Plaintiff's claims under the DFEH (First Cause of Action)

19  and CFRA (Third Cause of Action) are time barred.

20       Plaintiff's Second Cause of Action, for wrongful termination

21  in violation of public policy, fares no better from a timeliness

22  perspective.  The statute of limitations accruing to that

23  particular claim is one year under California Code of Civil

24  Procedure § 340(3).  Barton v. New United Motor Mfg., Inc.,

25  43 Cal. App. 4th 1200, 1208-09 (1996).  Because Plaintiff was

26  terminated on September 26, 2005, and did not file the instant

27  lawsuit until March 20, 2008, well over two years later,

28  Plaintiff's wrongful termination claim is time barred as well.

**CONCLUSION**

As set forth above, all three of Plaintiff Teresa Lyon's causes of action against Defendant are barred by the applicable statutes of limitation, a conclusion only underscored by the fact that Plaintiff has not opposed this Motion.  Defendant's Motion for Summary Judgment as to Plaintiff Teresa Lyon (Docket No. 16) is accordingly GRANTED.  The claims of the other named Plaintiffs, however, remain active and may proceed.

IT IS SO ORDERED.

Dated: June 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE