UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, TERESA LYON, THERESA ORTH, and MARA GRACE SMITH,

    Plaintiffs,

v.

NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.,

    Defendants.

No. 2:08-cv-02237-MCE-KJM

**ORDER**

----oo0oo----

Through the present action, Plaintiffs, who were white employees of Defendant Save Mart's[1] Store 7254 in Vallejo, California, allege they were subjected to so-called "reverse" discrimination at the hands of an African-American store manager who is claimed to have discriminated, harassed and retaliated against Plaintiffs because they were not African-American.

---

[1] Defendant Save Mart Supermarkets, Inc. ("Save Mart") is successor in interest to Albertsons Inc. and Albertsons LLC.

1

1 Presently before the Court is Plaintiffs' Motion to Remand this
2 matter back to the Solano County Superior Court where it was
3 originally filed on March 20, 2008.
4   Save Mart removed Plaintiffs' lawsuit to this Court on
5 May 8, 2008, asserting that the claims contained therein were
6 preempted by Section 301 of the Labor Management Relations Act,
7 29 U.S.C. § 141 et seq. ("LMRA").  Plaintiffs raised no objection
8 to this Court's jurisdiction in that regard until September 27,
9 2010, nearly two-and-a-half years later, when they filed the
10 instant Motion to Remand.  The subject Motion was filed just
11 three days before the Court was schedule to hear Save Mart's
12 Motion for Summary Judgment as to two of the named Plaintiffs.
13   Given its suspect timing, the Court is unimpressed by
14 Plaintiffs' tardy effort to challenge its jurisdiction.
15 Nonetheless, as Plaintiffs point out, federal jurisdiction is
16 properly subject to scrutiny at any time.  Plaintiffs'
17 jurisdictional arguments, however, still fail.
18   The terms and conditions of Plaintiffs' employment with Save
19 Mart were unquestionably governed by one or more collective
20 bargaining agreements ("CBAs") between Save Mart and its employee
21 union organizations.  The CBAs govern, among other things, work
22 assignments, promotions, transfers and discipline.  As indicated
23 above, Plaintiffs' contentions herein include claims that they
24 were unfairly denied promotions that instead went to African-
25 American employees and further were subject to disciplinary
26 measures disparate than those employed for their black
27 counterparts.
28 ///

1    The LMRA does not preempt state law discrimination claims like those asserted by Plaintiffs herein where the court can uphold such independent state claims without interpreting the terms of a CBA. <u>Busey v. P.W. Supermarkets, Inc.</u>, 368 F. Supp. 2d 1045, 1049 (citing <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 211, 213); <u>see also</u> <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 237. Because such rights exist completely apart from the terms of a CBA and are nonnegotiable in any event, Congress in enacting the LMRA never intended to preempt state-based anti-discrimination statutes. <u>Miller v. AT&T Network Sys.</u>, 850 F.2d 543, 546 (9th Cir. 1988). Consequently, free-standing claims of discrimination and retaliation under the California Fair Employment and Housing Act are not preempted by federal law. <u>Bachilla v. Pacific Bell Tel. Co.</u>, 2007 WL 2825924 at * 7-8 (E.D. Cal. 2007).

     Where adjudication of a state claim depends on the analysis or interpretation of CBA terms, however, the calculus changes. <u>Reece v. Houston Lighting & Power Co.</u>, 79 F.3d 485, 487 (5th Cir. 1997), citing <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 274, 278 (if resolution will require interpretation of the CBA, then state law remedies sought by plaintiff are preempted by the LMRA).

     Significantly, in this district's prior <u>Bachilla</u> decision, like the present matter, plaintiffs' discrimination claims were predicated, at least in part, on defendant's promotion of other individuals. That implicated the terms of the CBA, since defendants' assertion that the promotions were valid could not be interpreted without evaluating the seniority provisions of the CBA.

3

1 As the Bachilla court noted, this link between viability of the
2 employer's defense and the terms of the CBA causes the two to
3 become "inextricably intertwined", and therefore preempted.
4 Bachilla, 2007 WL at * 8 (citing Audette v. Int'l Longshoremen's
5 and Warehousemen's Union, 195 F.3d 1107, 1113 (9th Cir. 1999).
6 Because the scope of the contractual relationship between the
7 parties is implicated by any claim on Save Mart that its actions
8 and those of its manager did indeed pass muster on the terms of
9 the CBA, because this consequently requires the Court to
10 interpret the obligations owed under the CBA, and because the
11 preemptive force of the LMRA is strong in any event with respect
12 to any state claim whose outcome may hinge on consideration of
13 the CBA (see Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993,
14 997 (9th Cir. 1987)), this Court finds that Plaintiffs' FEHA
15 claims are indeed preempted and that federal jurisdiction is
16 proper.

    Plaintiffs' Motion to Remand (ECF No. 74) is DENIED,[2] as is Plaintiffs' concurrent request that attorneys' fees be imposed in conjunction with remand.

    IT IS SO ORDERED.

Dated: December 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not deemed to be of material assistance, this matter was submitted on the briefs. E.D. Cal. Local Rule 230(g).