UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, TERESA LYON, THERESA ORTH, and MARA GRACE SMITH,

   Plaintiffs,

  v.

NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.,

   Defendants.

No. 2:08-cv-02237-MCE-KJM

**ORDER**

----oo0oo----

Through the present action, Plaintiffs, who were white employees of Defendant Save Mart's[1] Store 7254 in Vallejo, California, allege they were subjected to so-called "reverse" discrimination at the hands of an African-American store manager who is claimed to have discriminated, harassed and retaliated against Plaintiffs because they were not African-American.

---

[1] Defendant Save Mart Supermarkets, Inc. ("Save Mart") is successor in interest to Albertsons Inc. and Albertsons LLC.

1

1    Presently before the Court is Defendant's Motion for Monetary and
2    Terminating Sanctions as to Plaintiff Miracle Johnson.  Defendant
3    asserts that Plaintiff Johnson has willfully failed to comply
4    with repeated discovery requests.  As an alternative to the
5    requested sanctions, Defendant seeks an Order Compelling
6    Discovery.
7         The sanctions requested by Defendant are sought pursuant to
8    Federal Rule of Civil Procedure 37(b), which permits the Court to
9    impose both evidentiary and terminating sanctions for failure to
10   comply with discovery orders.  Where, as here, Defendant alleges
11   that a party failed to appear for a noticed deposition and
12   further failed to respond in any fashion to written discovery
13   requests, Rule 37 sanctions are available even in the absence of
14   a prior court order.  Fed. R. Civ. P. 37(d); Hilao v. Estate of
15   Marcos, 103 F.3d 762, 764-465 (9th Cir. 1996).  The Court is
16   vested with inherent power to impose sanctions under Rule 37 as
17   long as it does so with restraint and discretion.  See Roadway
18   Express v. Piper, 447 U.S. 752, 764 (1980).
19        Defendant asks the Court to dismiss Miracle Johnson's
20   lawsuit given her alleged failure to comply with discovery
21   requests.  "Where the drastic sanctions of dismissal or default
22   are imposed...., [however], the losing party's non-compliance
23   must be due to willfulness, fault or bad faith."  Jorgensen v.
24   Cassiday, 320 F.3d 906 (9th Cir. 2003), quoting Hyde & Drath v.
25   Baker, 24 F.3d 1162, 1167 (9th Cir. 1994).  Terminating sanctions
26   are generally imposed only where a party's conduct demonstrates
27   repeated failures to comply with discovery requests.
28   ///

1 | See, e.g., Computer Task Group Inc. v. Brotby, 364 F.3d 1112,
2 | 1115 (dismissal warranted where court issued five separate orders
3 | compelling discovery along with repeated oral warnings).
4 |     Here, Defendant asserts that the requisite pattern of
5 | ignoring discovery obligations is present because Plaintiff
6 | Johnson failed to show up for deposition twice, and still has
7 | neglected to provide the requisite responses to written discovery
8 | requests.  The evidence does not show, however, that Miracle
9 | Johnson and her counsel, Jill Barwick, have consistently refused
10 | to participate in the discovery process.  To the contrary, it
11 | appears that Ms. Barwick and defense counsel have cooperated in
12 | much of the other discovery propounded in this multi-plaintiff
13 | litigation.  With respect to Plaintiff Johnson, Ms. Barwick
14 | claims that she did not receive notice of the first deposition,
15 | and that she had agreed to provide the outstanding discovery
16 | responses the day before the deposition was supposed to proceed.
17 | The second deposition did not go forward as planned due to a
18 | dispute between the parties over a discovery stay in conjunction
19 | with Plaintiffs' then-pending Motion to Remand.  These
20 | circumstances do not permit the Court to conclude, as it must to
21 | justify terminating sanctions, that Plaintiff Johnson and
22 | Ms. Barwick willfully abused the discovery process.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1  The Court consequently declines to grant the requested
2 terminating sanctions, and will further refrain from any award of
3 attorney's fees at this time.  The instant Motion (ECF No. 84) is
4 accordingly DENIED to that extent.[2]  The Motion will be GRANTED
5 in part, however, given the fact that the Court will issue an
6 order compelling discovery as requested by Defendant.  Plaintiff
7 Miracle Johnson is hereby ordered to make herself available for
8 deposition within thirty (30) days following the date of this
9 Order.  Plaintiff Johnson is further ordered to provide responses
10 to all outstanding requests for written discovery not later than
11 one week before her deposition is scheduled.  The Court will
12 reassess the issue of sanctions should Johnson fail to appear for
13 deposition and/or provide the requisite discovery responses.
14  IT IS SO ORDERED.

Dated: December 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not deemed to be of material assistance, this matter was submitted on the briefs. E.D. Cal. Local Rule 230(g).

4