IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, et al.,

        Plaintiffs,                No. 2:08-cv-02237 MCE KJN

        v.

NEW ALBERTSON'S, INC., et al.,

        Defendants.            <u>ORDER</u>

        /

        Presently before the court is defendants' "Motion to Quash Deposition Subpoena" and "Motion for Protective Orders." Defendants seek to prevent plaintiffs from taking the deposition of non-party witness Donna Breitenbach, as well as the depositions of defendant Save Mart Supermarkets and its employee, Lois Douglas. (Dkt. Nos. 98, 101.)

        On December 18, 2010, plaintiffs issued a deposition subpoena to non-party witness Donna Breitenbach. On that same date, plaintiffs noticed the deposition of Lois Douglas. These depositions were to take place on December 29th and 28th, respectively. (Dkt. No. 103, Doc. Nos. 103-1, 103-2.) On December 19, 2010, Plaintiffs noticed a Rule 30(b)(6) deposition of defendant Save Mart Supermarkets, to take place on December 30, 2010. (Dkt. No. 103, Doc. No. 103-3.) On December 23, 2010, defense counsel sent an email to plaintiffs' counsel

\\\\\

1

informing her that neither of the noticed witnesses would appear on the dates noticed.[1]  (Dkt. No. 103, Doc. Nos. 103-9, 106 ¶ 17.)  On December 27, 2010, at 4:07 p.m., plaintiffs' counsel sent a reply and stated her willingness to continue the noticed depositions.  (Dkt. No. 108, Doc. No. 108-10.)  At 5:03 p.m., defendants filed the pending motions and noticed a hearing date of January 27, 2011.  (Dkt. Nos. 98, 101.)

Defendants' basic position is that the deposition notices fail to provide reasonable notice as required under Federal Rule of Civil Procedure 30(b)(1).  In sum, defendants argue that on the virtual eve of the discovery cutoff date, plaintiffs noticed multiple depositions to take place during the week between the Christmas and New Year's holidays; and that given the number of depositions (three in all) and categories of documents requested (more than 50 in all), the notices fail to give reasonable time to comply.  Plaintiffs' basic position is that each of the depositions were properly noticed and set within the court-ordered discovery completion period.  Plaintiffs oppose the pending motions on the grounds that: (1) there is no fixed rule as to what constitutes reasonable notice; (2) defendants were aware that plaintiffs intended to depose these witnesses; and (3) defendants were given at least ten days notice for each deposition.

Eastern District Local Rule 251(b) provides, in part, that "a motion made pursuant to Fed. R. Civ. P. 26 through 37, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement" ("Joint Statement").

The court's docket reveals that the parties did not file a Joint Statement, instead, the parties have filed motions and oppositions to the same.[2]  Neither of these filings includes the

---

[1]  The Federal Rules of Civil Procedure permit a party to move for an order compelling discovery. Fed. R. Civ. P. 37(a).  Plaintiffs did not avail themselves of this method of protection.

[2]  The undersigned acknowledges that based on a hearing date of January 27, 2011, a Joint Statement would not be due until on or before January 20, 2011.  See E. Dist. Local Rule 251(a).

required Joint Statement or an affidavit filed in lieu of a Joint Statement pursuant to local Rule 251(d).[3]  In other words, there is not proper indication in the record that the parties have attempted a private consultation to resolve their differences via a good faith, professional conference of counsel.  Even if such a good faith conference has taken place, Local Rule 251(c) provides that, "[i]f a moving party is still not satisfied after the conference of counsel, that party shall draft and file a [Joint Statement].  All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement . . . ."

        Finally, the undersigned notes that the existing discovery completion deadline in this case was December 31, 2010 (Dkt. No. 37), and that were the court to deny defendants' motions, the noticed depositions would occur outside of the discovery completion period.  The undersigned is aware of the factual issues which caused the parties to seek at least two prior modifications of the district court's initial Status (Pretrial Scheduling) Order (e.g., family matters and incompatible schedules, etc.).  (See Dkt. Nos. 11, 15, 37.)  Moreover, the undersigned notes that pursuant to paragraph XIII of the pretrial scheduling order dated August 5, 2010, and signed by the presiding district judge, United States District Judge Morrison C. England, Jr., "the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of good cause."  (Dkt. No. 11.)  The undersigned is not permitted to modify the deadlines in Judge England's Pretrial Scheduling Order, and the parties have not moved to modify the discovery

---

[3] The Joint Statement should specify the following:

    (1) The details of the conference or conferences;

    (2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and

    (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

E. Dist. Local Rule 251(c).

completion deadline. Accordingly, the parties shall address the practical impact of the December 31, 2010 discovery completion deadline on defendants' motions.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer regarding the pending discovery dispute and file, no later than January 21, 2011, either: (a) a Joint Statement re Discovery Disagreement consistent with the requirements of Local Rule 251(c), or (b) a statement summarizing the parties' good faith efforts to meet and confer regarding preparation of the Joint Statement and the reasons why such good faith efforts were unsuccessful. The parties might find it fruitful to meet and confer via telephone or in-person meeting, as opposed to the exchange of letters.

2. On or before January 24, 2011, plaintiffs and defendants shall each file a brief, not to exceed three pages in length, which discusses the impact of the December 31, 2010 discovery completion deadline on the discovery motions currently pending before this court. (Dkt. Nos. 98, 101). These briefs shall address the practical effects of a denial of the pending motions.

3. The parties shall also show cause, in writing, on or before January 24, 2011, why defendants' motions should not be held in abeyance pending Judge England's resolution of a request or motion to modify the existing Status (Pretrial Scheduling) Order. This writing may be included in the parties' respective briefs required under number 2 above.

4. The hearing presently set for January 27, 2011, shall remain on calendar.

IT IS SO ORDERED.

DATED: January 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE