UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, TERESA LYON, THERESA ORTH and MARA GRACE SMITH,<br><br>    Plaintiffs,<br><br>  v.<br><br>NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.; and DOES 1 through 25, inclusive,<br><br>    Defendants. | No. 2:08-cv-02237-MCE-KJM<br><br><br><br><br><br><br><br><br><br>**ORDER** |

----oo0oo----

On December 13, 2010, this Court issued its Order denying Plaintiffs' Motion to Remand. Plaintiffs subsequently filed a Motion for Certification of Interlocutory Appealability under 28 U.S.C. § 1292(b).[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

That Motion, which is now before the Court, asks that the Court certify for immediate appeal its decision denying remand on grounds that said decision both "presents controlling questions of law as to which there is substantial ground for difference of opinion" and involves circumstances where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Ninth Circuit is clear in directing that resort to immediate appeal under Section 1292(b) should be used only in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Instead, as Ninth Circuit precedent has recognized, interlocutory appeal should be "applied sparingly". Id. In order to justify the appellate shortcut represented by interlocutory appeal, its proponent has the the burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Here, the Court does not believe that either prong of Section 1292's test justifies the procedural deviation of permitting immediate appeal, particularly given the high bar the Ninth Circuit has set for the certification of such an appeal before a case has otherwise been concluded.

///
///
///

1  First, in the Court's view, Plaintiffs have not established, as
2  they must, that there is any controlling issue of law presented
3  by the decision as to which there exists any substantial ground
4  for difference of opinion.  The preemptive force of the Labor
5  Management Relations Act, 29 U.S.C. § 141 et seq. ("LMRA"), is
6  strong with respect to any state claim whose outcome may hinge
7  on consideration of the CBA.   See Young v. Anthony's Fish
8  Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987).  The
9  collective bargaining agreements ("CBAs") between Save Mart and
10 its employee union organizations govern, among other things,
11 work assignments, promotions, transfers and discipline.  As
12 indicated in the Court's Order denying remand, Plaintiffs'
13 contentions herein include claims that they were unfairly denied
14 promotions that instead went to African-American employees and
15 further were subject to disciplinary measures disparate than
16 those employed for their black counterparts.  The viability of
17 those contentions, as well as Raley's defenses thereto,
18 necessarily require interpretation of the applicable CBAs.  The
19 Court is not persuaded by Plaintiffs' apparent claim that the
20 CBAs are not squarely implicated by such claims, since the
21 claims at issue, by their nature, will require actual
22 interpretation of the CBAs' provisions, or their omissions with
23 regard to the allegations being made.  Particularly given the
24 force of preemption that must be applied in cases like this one
25 which invoke the provisions of the LMRA, the Court believes
26 interlocutory certification is not indicated since the law as it
27 applies to this question is well-settled.
28 ///

1    Nor is Plaintiffs' argument that the result should change
2 because the claims of some Plaintiffs may not require
3 consideration of the CBAs any more persuasive.  In cases
4 involving multiple plaintiffs, the court may exercise supplemental
5 jurisdiction over additional claims so long as it has original
6 jurisdiction over a single plaintiff.  O'Brien v. Ed Donnelly
7 Enters., 575 F.3d 567, 580-81 (6th Cir. 2009) (citing Lindsay v.
8 Gov't Employees Ins. Co., 448 F.3d 416, 423 (D.C. Cir. 2006).

9    The Court's proper exercise of supplemental jurisdiction
10 also implicates the second Section 1292(b) factor: whether or
11 not an immediate appeal will ultimately advance the termination
12 of this litigation.  Here, the case has been pending before this
13 Court since May 8, 2008, a period of more than two-and-a-half
14 years.  Two motions for summary judgment have been adjudicated.
15 There is no indication that remand of the matter to state court
16 will do anything other than substantially delay the resolution
17 of the case.

18    Because neither factor that must be demonstrated under
19 28 U.S.C. § 1292(b) justifies interlocutory appeal in this
20 matter, and because both prerequisites must be established before
21 certification of such an appeal should issue, the present Motion
22 for Certificate of Appealability (ECF No. 94) is hereby DENIED.
23    IT IS SO ORDERED.
24  Dated: February 8, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4