UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, TERESA LYON, THERESA ORTH, and MARA GRACE SMITH,

    Plaintiffs,

  v.

NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.; and DOES 1 through 25, inclusive,

    Defendants.

No. 2:08-cv-02237-MCE-KJM

**MEMORANDUM AND ORDER**

----oo0oo----

Through the motion presently before the Court, Plaintiffs seek to reopen, on a limited basis, the deadline imposed by this Court for the completion of discovery.

///

///

1

Plaintiffs concurrently ask that the Court's Pretrial Status (Scheduling) Order be modified to that effect. As set forth below, Plaintiffs' Motion will be denied.[1]

## BACKGROUND

Plaintiffs commenced this action, which alleges retaliation, harassment and other wrongful personnel practices against Defendant Save Mart Supermarkets, Inc. ("Defendant")[2] on March 20, 2008 in the Superior Court of the State of California in and for the County of Solano. On May 8, 2008, Defendant, asserting that its alleged personnel practices implicated the terms of the applicable collective bargaining agreement, timely removed the lawsuit to this Court, pursuant to 28 U.S.C. § 1441 (a) and (c), on grounds that any state claims were preempted by the Labor Management Relations Act, 29 U.S.C. § 141, et seq.

The Court issued its Pretrial Scheduling Order ("PTSO") on April 21, 2009. The PTSO included, among other deadlines, a directive that all discovery be completed by April 14, 2010. By the time the PTSO was filed, Defendant had already submitted its initial disclosures (on April 13, 2009) which identified both Donna Breitenbach and Lois Douglas as witnesses with information pertinent to the case. See Decl. of Matthew A. Goodin, ¶ 2, Ex. A.

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing. See E.D. Cal. Local Rule 230(g).

[2] Defendant Save Mart has been sued herein as successor in interest to Albertson's Inc. and Albertson's LLC.

2

In the next six months, Plaintiffs propounded no discovery. Although some written discovery requests were made in November of 2009, at about that time Plaintiffs' counsel asked that discovery be held in abeyance until approximately February of 2010 because of her father's terminal illness. Id. at ¶ 3. Defense counsel agreed to that request, but by February of 2010 it became clear that discovery could not be completed by the then applicable discovery cut-off date of April 14, 2010. Consequently, an agreement was reached to continue that date under the circumstances and a joint stipulation was submitted continuing the discovery deadline until August 2, 2010. Id. at ¶ 4. By Order dated February 10, 2010, the Court approved that stipulation.

According to defense counsel, by July of 2010, Plaintiffs had not noticed a single deposition, or even inquired about scheduling such discovery. Id. at ¶ 5. Nonetheless, because of subsequent difficulties encountered in scheduling Plaintiffs' depositions, the parties again stipulated to continuing both the discovery cutoff and certain other related deadlines. By Order dated August 5, 2010, that second stipulation extending the discovery deadline was approved by the Court establishing a new cut-off date of December 31, 2010.

Defense counsel claims, and Plaintiffs do not controvert, that by this time not a single deposition had been noticed by Plaintiffs even though the case had been pending for well over two years. See id. at ¶ 7.
///
///

1    On August 23, 2010, Plaintiffs did notice the deposition of
2 Monica Sanchez, an Employee Relations Generalist for Save Market
3 Supermarkets.  Although Plaintiffs' counsel had concurrently
4 asked to also depose Donna Breitenbach, Ms. Breitenbach could not
5 be deposed at the requested time due to major surgery on her
6 husband's part.
7    Plaintiffs filed a Motion to Remand on September 27, 2010,
8 and Plaintiffs' counsel took the position during the pendency of
9 that Motion that she would engage in no discovery despite the
10 fact that no court order to that effect had been forthcoming, and
11 despite defense counsel's objection to holding discovery in
12 abeyance and his attempts to conduct discovery during that
13 period.  Id. at ¶ 11-12.
14    On December 10, 2010, the Court issued its order denying
15 Plaintiffs' Motion to Remand.  Thereafter, by deposition notices
16 containing a proof of service for Sunday, December 18, 2010 (but
17 not received by defense counsel until December 21 and 22,
18 respectively), Plaintiffs noticed the depositions of Donna
19 Breitenbach (who by this time was no longer employed by Save
20 Mart), as well as Lois Douglas and the person most knowledgeable
21 at Save Mart to testify concerning 22 separate categories in
22 information.  All three deposition notices also contained
23 discovery requests, and noticed the depositions themselves to
24 occur on December 28, 29 and 30, respectively.
25 ///
26 ///
27 ///
28 ///

4

Given the short notice provided for the production of three witnesses and multiple categories of documents, the intervening Christmas holiday, and the fact that Donna Breitenbach had been hospitalized on December 21 for a rapid heartbeat, defense counsel filed a Motion to Quash on December 27, 2010.  Because the assigned magistrate judge indicated on January 25, 2011 he could not rule on the motions given the pending December 31, 2010 discovery cut-off (a deadline only the district judge could extend), Plaintiffs filed the instant Motion to Continue Discovery Completion Deadline on February 2, 2011.  Plaintiffs' Motion asks the Court for additional time to depose Lois Douglas, the managerial employee allegedly responsible for much of the alleged wrongdoing, as well as Ms. Breitenbach, who Plaintiffs claim was the primary human relations associate who dealt with Plaintiffs' complaints concerning Ms. Douglas.  Plaintiffs further seek to extend the deadline for expert witness discovery but do not seek to reopen discovery for any other purpose.  They point out that the existing trial date is not affected.

**STANDARD**

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[3] which establishes a timetable to amend pleadings, that Rule's standards control.  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

---

[3] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

5

1  Thus, Plaintiffs' ability to amend their complaint is governed by
2  Rule 16(b), not Rule 15(a), as contended by Plaintiffs.  See id.
3  at 608.  In addition, prior to the final pretrial conference, a
4  court may modify a status order upon a showing of "good cause."
5  See Fed. R. Civ. P. 16(b).

6       "Unlike Rule 15(a)'s liberal amendment policy which focuses
7  on the bad faith of the party seeking to interpose an amendment
8  and the prejudice to the opposing party, Rule 16(b)'s 'good
9  cause' standard primarily considers the diligence of the party
10 seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining
11 this standard, the Ninth Circuit has stated:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

18 Id. (citations omitted).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

To demonstrate diligence under Rule 16's "good cause" standard, courts have required movants to show the following: (1) that they were diligent in assisting the Court in creating a workable Rule 16 order, see In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997); (2) that, despite their diligent efforts to comply, their noncompliance with a Rule 16 deadline occurred because of the development of matters that could not have been reasonably foreseen or anticipated, see Johnson, 975 F.2d at 609; and (3) that they were diligent in seeking amendment of the Rule 16 order, once it became apparent that they could not comply with the order, see Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Plaintiffs cannot satisfy this "good cause" standard because they cannot show that any inability on their part to complete discovery within the allotted time resulted from developments that could neither have been reasonably foreseen or anticipated. As indicated above, the instant case was removed here in May of 2008 and pretrial disclosures made in April of 2009 confirmed the involvement/knowledge of both Donna Breitenbach and Lois Douglas-information Plaintiffs no doubt had all along given their prominent role in the events underlying this litigation.

///
///
///
///

1  Nonetheless, despite two separate extensions of the time within
2  which to complete discovery- extensions which added more than
3  eight months on to the initial deadline which ran two years after
4  the case was initially filed- Plaintiffs made no attempt to
5  schedule the deposition of either Breitenbach or Douglas until
6  barely ten days before the final December 31, 2010 deadline for
7  completing discovery.  Additionally, the proofs of service were
8  executed over the weekend which resulted (given the Christmas
9  holiday weekend) of little more than three business days' notice
10 for depositions set to be taken over three consecutive days.
11      Although Plaintiffs apparently refrained from scheduling any
12 discovery during the time their Motion to Remand was pending
13 (between September 27, 2010 and December 10, 2010) that was a
14 tactical decision on their part both objected to by opposing
15 counsel and lacking any approval from this Court.  Additionally,
16 that time period, even if considered to be mitigating, still does
17 not excuse Plaintiffs' failure to take any steps to depose
18 Breitenbach, Douglas, or the person most knowledgeable at Save
19 Mart at any time over the preceding seventeen months since the
20 Court's PTSO was issued on April 21, 2009.
21      Although the illness of Plaintiffs' counsel's father may
22 well have been a circumstance beyond counsel's control so as to
23 justify a finding of diligence for purposes of Rule 16(b), by all
24 indications that illness accounted for no more than four or five
25 months.
26 ///
27 ///
28 ///

8

Plaintiffs' counsel has made no other showing that any other factor beyond her control justified her decision to wait until the eve of the discovery deadline to notice three key depositions at a point which provided little more than three business days' notice given the intervening Christmas holiday weekend.[4]

The Court consequently concludes that Plaintiffs have not demonstrated the requisite diligence. As indicated above, absent a showing of diligence, the Court's inquiry for purposes of determining whether a scheduling order is subject to modification under Rule 16(b) should end. Johnson v. Mammoth, 975 F.2d at 609.[5] To find otherwise would impermissibly undermine the importance of court-ordered deadlines and the timely disposition of pending cases.

---

[4] While this Court need not decide whether the length of notice provided for the three depositions was in and of itself adequate in order to determine whether the timing of the deposition notices themselves was diligent for Rule 16(b) purposes, the Court does note that all three deposition notices contained substantial document production requests. Although Rule 30(b) by its terms provides only that "reasonable" notice of a deposition has to be provided to the parties, when a deposition notice (like the notices at issue here) is accompanied by a production request, a minimum of 30 days' notice is required. Fed. R. Civ. P. 34(b)(2)(a); Dowling v. Cleveland Clinic Found., 593 F.3d 472, 479 (6th Cir. 2010) ("requests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition to permit objections to the document request"). The requisite notice in that regard was clearly not provided.

[5] Although Plaintiffs argue that no prejudice would result to Defendant by the proposed modification, prejudice is relevant only to the extent it may serve as an additional reason for denying the modification request. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000). Instead, as Johnson instructs, the fundamental focus must be on diligence. As the Ninth Circuit's more recent decision in Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) confirms, "if the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify."

9

Such a development would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id. at 610.  A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id., citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

**CONCLUSION**

For all the foregoing reasons, Plaintiffs' Motion to Reopen Discovery Completion Deadline for limited Discovery and for Modification of Status Order (ECF No. 121) is hereby DENIED.  The Court's previously sanctioned deadlines shall remain in effect, and without any change.

IT IS SO ORDERED.

Dated: March 18, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

10