UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, TERESA LYON, THERESA ORTH, and MARA GRACE SMITH,

    Plaintiffs,

  v.

NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.,

    Defendants.

No. 2:08-cv-02237-MCE-KJM

**MEMORANDUM AND ORDER**

----oo0oo----

Defendant Save Mart Supermarkets Inc., as successor in interest to Albertson's, Inc. and Albertsons, LLC ("Defendant"), has filed two motions for summary judgment in this matter.  The first is directed solely to the claims made by Plaintiff Andrea Van Scoy.

///

1

The second challenges the claims brought by the remaining active Plaintiffs, Lynda Azevedo, Diana Murdock, Christina Carnes, Mina Jo Guerrero, Miracle Johnson, Rosanne Lazuka and Theresa Orth.[1] Summary adjudication as to individual claims being made by the various plaintiffs; instead, both notices of motion simply seek "summary judgment as to all claims". Consequently, in ruling on the motions, the Court's inquiry must necessarily focus on whether any portion of Plaintiffs' claims survive.

The dominant argument advanced in both motions is Defendant's contention that Plaintiffs' claims are barred by the six-month statute of limitations generally applicable to claims falling within the purview of the Labor Management Relations Act, 29 U.S.C. § 141, et seq. ("LMRA"). Both Motions depend on that argument in claiming that Plaintiffs' claims fail in their entirety. Because the Court finds that Defendant has not met its burden in establishing as a matter of law that said limitations period expired, the instant motions must be denied.[2]

///
///
///
///
///

---

[1] Several other initially named Plaintiffs, including Teresa Lyon and Mara Grace Smith, have since been dismissed. The remaining Plaintiff not the subject of these motions, Patricia Logan, is, according to counsel, in the process of being voluntarily dismissed from this litigation.

[2] Because oral argument was not deemed to be of material assistance, this matter was submitted on the briefs. E.D. Cal. Local Rule 230(g).

**BACKGROUND**

Plaintiffs, who were white employees of Defendant's Store 7254 in Vallejo, California, allege they were subjected to so-called "reverse" discrimination at the hands of their African-American store manager, Lois Douglas, who is claimed to have discriminated, harassed and retaliated against them because they were not African-American. Plaintiffs filed suit on March 20, 2008 in the Solano County Superior Court after previously filing a total of 19 complaints with the California Department of Fair Employment and Housing ("DFEH") in March and April of 2007. Plaintiffs allege, inter alia, harassment, retaliation and discrimination in violation of the California Fair and Employment and Housing Act, California Government Code § 12940, et seq. ("FEHA").

According to Plaintiffs, after Lois Douglas transferred to Store 7254 as Store Manager in June of 2005, the atmosphere at the store changed markedly.  Plaintiffs claim that Ms. Douglas acted in a discriminatory fashion by favoring African-American employees in such areas as work assignments and scheduling, promoting African-Americans with less seniority, and holding Plaintiffs to a stricter standard of conduct than African-American employees.  Compl., ¶ 18.  Plaintiffs further claim that Douglas began a campaign of harassment and intimidation which created a hostile work environment with the intention of forcing Plaintiffs to resign or to transfer to other stores.  Id. at ¶ 20.

///

Beginning in early 2006, various Store 7254 employees complained to both union representatives, and directly to Defendant's human resources representative Donna Breitenbach, about Douglas' near daily harassment and intimidation of non-black employees, misuse of discipline and writeups to threaten employees and the resulting tension filled, hostile work atmosphere. See Pls.' Supp. Response; 3:9-14, citing previously filed Carnes Decl., ECF No. 54, ¶ 48; see also Lazuka Decl., ECF No. 51, ¶ 29.[3] Defendant thereafter conducted its own internal investigation which culminated in an initial August 2006 report prepared by Ms. Breitenbach. See Pls.' Supp. Response, 3:14-20, citing Def.'s Breitenbach Decl., ECF No. 42, Ex. A. Defendant thereafter implemented a plan of action that included removing Ms. Douglas from issuing discipline to store employees, tasking managers with assisting in the interview and hiring process for job applicants, and sending Ms. Douglas for outside training aimed at improving her communication skills. Breitenbach Decl., ECF No. 42, ¶ 8.

///
///

---

[3] Plaintiffs have requested that the Court judicially notice certain declarations and exhibits, including the Lazuka and Sanchez declarations previously filed in connection with earlier summary judgment motions filed by Defendant in this matter. That request was unopposed and is granted, although unnecessary since a district court can itself judicially notice pleadings from earlier proceedings in the same case. See, e.g., Enterprise Bank v. Magna Bank of Missouri, 92 F.3d 743, 746 n.3 (8th Cir. 1996); Asdar Group v. Pillsbury, Madison & Sutro, 99 F.3d 289, 290 n.1 (9th Cir. 1996). The Court further notes that Defendant has also requested, pursuant to Federal Rule of Evidence 201(b), that the Court judicially notice various documents relating to Plaintiffs' administrative proceedings before the DFEH. That request is also unopposed and is granted.

4

1    According to Plaintiffs, those measures still failed to
2 curtail Ms. Douglas' alleged abuses, and, as stated above, the
3 eleven originally-named Plaintiffs in this case filed a total of
4 19 complaints with DFEH in March and April of 2007 which alleged,
5 <u>inter alia</u>, discrimination, retaliation, and hostile work
6 environment claims against Ms. Douglas and Defendant.  After
7 those grievances were filed, Defendant undertook further
8 investigation beginning in May of 2007.  According to a
9 Confidential Investigation Summary prepared by Defendant on
10 May 17, 2007, a total of 40 additional interviews were conducted
11 in conjunction with that further investigation.  According to the
12 Report, Store 7254 remained "extremely dysfunctional" and the
13 "worst [the author of the Report] had experienced in... 20+ years
14 of investigation."  See Confidential Investigation Summary, Ex. A
15 to Def.'s Decl. Of Monica Sanchez, ECF No. 43-1, p. 6.
16 According to the Report, despite the investigation and
17 recommendations of August of 2006,
18 >   "[t]he employees feel their issues were not resolved.
>   Local 5 does not feel the issues were resolved, and are
19 >   ongoing.  The complaints appear to be the same or very
>   similar to the previous complaints from 1-2 years ago."
20
21 <u>Id.</u> at p. 7.  The Report went on to discuss an "action plan for
22 resolution" that included meeting with the DFEH to discuss the 19
23 complaints as well as follow-up meetings with union
24 representatives, the transfer of Lois Douglas and other employees
25 away from Store 7254, as well as meetings and retraining (as
26 deemed appropriate) involving the remainder of Store 7254's
27 staff.  <u>Id.</u>
28 ///

5

1  There was no indication in the Report that these ongoing measures
2  designed to address Plaintiffs' claims had terminated or
3  otherwise ended.  To the contrary, according to Plaintiffs,
4  Defendant was continuing to work towards a resolution of their
5  complaints through the time the instant action was filed in March
6  of 2008.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986); First Nat'l Bank v. Cities Ser. Co., 391 U.S. 253, 288-289 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L. Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

7

**ANALYSIS**

In rejecting Plaintiffs' Motion to Remand this lawsuit back to Solano County Superior Court, where it was originally filed on March 20, 2008, the Court found that Plaintiffs' claims of discrimination, harassment and retaliation in violation of the Fair Employment and Housing Act, California Government Code § 12940, et seq. ("FEHA"), as stated in Plaintiffs' First Cause of Action,[4] were preempted by the LMRA inasmuch as interpretation of the collective bargaining agreement was necessary to assess the viability of Plaintiffs' claims that they were subjected to unwarranted and/or discriminatory decisions pertaining to work assignments, promotions, transfers and discipline. See Order, ECF No. 92, filed December 13, 2010.

///
///
///
///

---

[4] Plaintiffs' Motion to Remand challenged only the Court's subject matter jurisdiction over the state claims for discrimination, harassment and retaliation, and Defendant's Opposition was limited to the contention that claims relating to promotions and shift assignments necessarily required the interpretation of the applicable collective bargaining agreement, and accordingly were preempted. While those claims fall squarely within the purview of Plaintiffs' First Cause of Action, they do not specifically implicate Plaintiffs' remaining FEHA claims for disability discrimination and failure to accommodate (the Fourth and Fifth Causes of Action, respectively). Consequently, the Court's previous findings with respect to preemption pertained only to the First Cause of Action. Any inference contained in the Court's December 13, 2010 Order (ECF No. 92) to the contrary is hereby rejected in accordance with the provisions of Federal Rule of Civil Procedure 54(b), which permits the Court to revise an order at any time before all pending claims have been adjudicated through the entry of judgment.

1   It is undisputed that the claims of all remaining Plaintiffs
2 include allegations made pursuant to the First Cause of Action.
3 Defendant's papers make it equally clear that its efforts to
4 obtain judgment as a matter of law as to those claims hinge, in
5 part if not in whole, on whether or not the claims are in fact
6 barred by the applicable statute of limitations.  Therefore
7 summary judgment as to Plaintiffs' complaint in its entirety,
8 which as stated above Defendant seeks through the two motions now
9 before the Court,[5] necessarily fails unless Defendant shows that
10 the statute of limitations precludes the claims made pursuant to
11 the First Cause of Action.

12   Since the Court has determined that the allegations
13 contained within the First Cause of Action are preempted by the
14 LMRA, the statute of limitations applicable to claims brought
15 under the LMRA becomes the starting point of the Court's
16 analysis.  Congress did not specify a statute of limitations
17 within Section 301 of the LMRA itself.  29 U.S.C. § 185;
18 DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 161-62
19 (1983).  The Ninth Circuit has agreed, however, that in a lawsuit
20 like the case at bar, where Plaintiffs' original claims are found
21 to be preempted by the LMRA, a six-month statute of limitation
22 applies.

---

[5] While the Court recognizes that Plaintiffs argue as a preliminary matter that Defendant's motions are untimely, it rejects that argument and will determine both motions on their merits.  Defendant's motions were filed with sufficient time to be heard before the dispositive motion cutoff of April 29, 2011 and were initially calendared for April 28, 2011.  Although that hearing date was ultimately unavailable and the motions had to be continued to the next available hearing date (May 5, 2011), that does not render Defendant's motions untimely under the circumstances.

1  Cook v. Lindsay Olive Growers, 911 F.2d 233, 237 (9th Cir. 1990).
2  Neither party herein disputes that a six-month statute inures
3  generally to LMRA claims.  They part ways, however, on how the
4  relevant period should be applied to this particular case.
5       In its initial moving papers, Defendant simply cites to the
6  six-month statute of limitations without demonstrating how that
7  period operates to bar Plaintiffs' particular claims.  Not until
8  its reply, and after Plaintiffs opposed Defendant's statute of
9  limitations argument on grounds that Defendant had not
10 demonstrated how the statute applied, did Defendant, citing
11 Madison v. Motion Picture Set Painters and Sign Writers Local
12 729, 132 F. Supp. 2d 1244, 1261 (C.D. Cal. 2000), assert that a
13 claim under the LMRA necessarily accrues when the Plaintiffs
14 learned of the wrongful conduct about which he or she complains.
15 Arguing that many of Plaintiffs' claims occurred as early as
16 2006, Defendant contends that the statute for pursuing those
17 claims had expired as much as two years before the present
18 lawsuit was filed, despite the pendency internal grievances and
19 administrative complaints lodged by Plaintiffs in the intervening
20 period.
21      Because Defendant's reply indicated for the first time just
22 how the purported statutory bar applied to preclude each of the
23 Plaintiff's claims, the Court ordered supplemental briefing in
24 order to afford Plaintiffs the opportunity to respond to these
25 newly-proferred arguments.
26 ///
27 ///
28 ///

10

1    Plaintiffs, while not disputing the applicability of a six-
2 month statute, not surprisingly argue the statute should be
3 tolled during the period Plaintiffs' complaints were under
4 investigation by Defendant and/or the subject of administrative
5 proceedings under FEHA.  As set forth above, Plaintiffs maintain
6 that the investigative reports prepared by Defendant itself
7 indicate that efforts to address and remediate Plaintiffs'
8 concerns occurred up until the time this action was filed in
9 March of 2008.  Citing the Ninth Circuit's decision in Galindo v.
10 Stoody Co., 793 F.2d 1502 (9th Cir. 1986), Plaintiffs maintain
11 that such an ongoing process tolls the period during the entire
12 period prior to the filing of the complaint, since to do
13 otherwise would penalize employees "for seeking to resolve
14 [their] dispute through the grievance process before filing a
15 suit in federal court."  Id. at 1510.  As the court explains, any
16 other decision "would undercut the national policy favoring
17 nonjudicial resolution of labor disputes."  Consequently, even
18 where a resort to grievances procedures ultimately proves futile,
19 there is "no accrual of the claim for the purposes of the
20 limitation period as long as plaintiffs were making a valid,
21 timely, and nonfrivolous attempt" to pursue their remedies "in
22 reasonable good faith."  Id.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

11

1    Defendant has produced no evidence to rebut Plaintiffs'
2 contention that the internal investigation into their complaints
3 remained ongoing up until the filing of this lawsuit.  Instead,
4 Defendant simply describes Plaintiffs' complaints as simply
5 "informal" and insufficient to toll the statute of limitations.
6 Defendant cites language from a Second Circuit case, Legutko v.
7 Local 816, Int'l Bhd. of Teamsters, et al., 853 F.2d 1046 (2d
8 Cir. 1988), which finds that "[i]nformal correspondence should
9 not toll the statute of limitations, otherwise, a plaintiff could
10 indefinitely delay resolution of Labor disputes merely by
11 bombarding his union with tiresome requests...."  Id. at 1054
12 (citing Sosbe v. Delco Electronics Div. of General Motors,
13 830 F.2d 83, 87 (7th Cir. 1987)).  Defendant correctly points out
14 that an indefinite postponement should be discouraged as
15 "contrary to the public policy of prompt resolution".... "and
16 leav[ing] the procedure open to all of the vices which the
17 statute of limitations was intended to eliminate."  Metz v.
18 Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983).
19    Given the evidence before the Court, however, it cannot find
20 as a matter of law either that Defendant's internal investigation
21 did not remain ongoing, or that Plaintiffs unreasonably relied on
22 that process in attempting to resolve their differences with
23 Defendant.  To the contrary, the evidence that is before the
24 Court, in the form of Defendant's most recent May 17, 2007
25 Confidential Investigation Summary, reveals on its face an
26 "action plan for resolution" that includes multiple prospective
27 action items and proposed meetings.
28 ///

This is a far cry from the situation before the court in Metz, where no grievance procedure had been undertaken at all, and where Metz's alleged complaints had not resulted in any action being taken besides a single letter drafted by the union. Id. at 301. Nor are the circumstances of the present matter amenable to the Legutko court's holding that informal correspondence standing alone cannot toll the statute of limitations. Here, on the other hand, between Plaintiffs' administrative complaints filed with the DFEH and Defendant's ongoing investigation, with its indication of further remedial action, the Court cannot say that Plaintiffs were not continuing to act reasonably, and in good faith, in resolving their dispute. Given that investigation, and Defendant's own failure to rebut Plaintiffs' contention that the investigation remained ongoing, there is no "indefinite delay" in this matter that dictates against tolling. See Legutko v. Local 186, supra, 853 F.2d at 1054.

While Plaintiffs arguably filed suit before Defendant's investigation was concluded, that factor is not dispositive with respect to the timeliness of the instant action. Plaintiffs may be excused from exhausting internal remedies before bringing suit, where they believe that further pursuit of such remedies would be futile. See, e.g., Clayton v. UAW, 451 U.S. 679, 689 (1981). Plaintiffs here claim, given the two-year period of time between the onset of investigation and the date suit was filed, that Defendant had more than enough time to resolve their claims internally before this action was commenced.

///

///

13

The propriety of that conclusion, as well as whether Plaintiffs reasonably and in good faith relied on Defendant's internal investigation before ultimately deciding to file suit, are matters not amenable to resolution through summary judgment. This Court cannot determine as a matter of law that Plaintiffs' claims, as made in the First Cause of Action, are time barred. Defendant's motions accordingly fail.

## CONCLUSION

Defendant has not established as a matter of law that Plaintiffs' claims, as set forth in their First Cause of Action, are barred by the applicable statute of limitations. Since Defendant must necessarily make that showing in order to prevail pursuant to the terms of their motions, Defendant's Motions for Summary Judgment (ECF Nos. 128 and 130) are hereby DENIED.[6]

IT IS SO ORDERED.

Dated: June 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[6] The Court recognizes that both parties have filed various objections to the evidence submitted in connection with the subject Motions. To the extent that objections have been raised with respect to evidence cited or discussed in this Memorandum and Order, those objections are overruled. Otherwise, the Court declines to rule on any remaining objections since the evidence in question was not germane to its decision herein.