UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA VAN SCOY, LYNDA AZEVEDO, DIANA MURDOCK, CHRISTINA CARNES; MINA JO GUERRERO, MIRACLE JOHNSON, ROSANNE LAZUKA, PATRICIA LOGAN, THERESA ORTH, and MARA GRACE SMITH,<br><br>    PlaintiffS,<br><br>    v.<br><br>NEW ALBERTSON'S INC., ALBERTSON'S, INC., SAVE-MART SUPERMARKETS, INC., LUCKY'S INC.; and DOES 1 through 25, inclusive,<br><br>    Defendants. | No. 2:08-cv-02237-MCE-KJM<br><br>**ORDER DENYING REQUEST FOR AUGMENTATION OF FINAL PRETRIAL ORDER AND OVERRULING OBJECTION THERETO** |

----oo0oo----

This Court issued its Final Pretrial Order ("FPTO") in the above-referenced matter on August 13, 2012. On August 17, 2012, Defendant Save Mart Supermarkets filed its objection to that Order along with a request for augmentation. On August 23, 2012, Plaintiffs responded to that objection.

///

1

1    Defendant's objection is premised on the contention that
2 further proceedings should be held, even after the Final Pretrial
3 Conference of May 24, 2012, and the subsequently issued Final
4 Pretrial Order of August 13, 2012, with regard to what state law
5 claims have been preempted by the provisions of the Labor
6 Management Relations Act, 29 U.S.C. § 141, et seq. ("LMRA").
7 Defendant's argument, at least in part, appears to be premised on
8 the manner in which the FPTO was structured, which reflected
9 apparent continuing disagreement between the parties as to which
10 claims in fact remain viable.
11   The Court's ruling on Defendant's motion for summary
12 judgment (ECF No. 160), however, resolves the matter.  In that
13 Memorandum and Order, the Court made it clear that preemption
14 only applied to Plaintiffs' First Cause of Action for
15 Discrimination, Harassment and Retaliation in contravention of
16 the California Fair and Employment and Housing Act, Cal. Gov't.
17 Code § 12940, et seq. ("FEHA").  See ECF No. 160, p. 8, n.4.  No
18 other causes of action are implicated, and no adjudication as to
19 whether those other claims are preempted has ever been made.
20 Consequently, Plaintiffs' claims for Wrongful Termination in
21 Violation of Public Policy (the Second Cause of Action), as well
22 as Plaintiffs Azevedo and Johnson's claims for disability
23 discrimination under FEHA (as set out in the Fourth, Fifth and
24 Sixth Causes of Action) remain viable.
25 ///
26 ///
27 ///
28 ///

1   Given the fact that the dispositive motion deadline has long
2 since passed, it would be improper for the Court to permit
3 Defendant, at this late stage, to, in essence, reopen motion
4 practice in this mater and to seek additional rulings on
5 additional issues.  Plaintiff's Request for Augmentation is
6 accordingly DENIED, and its concurrent Objection to the FPTO (as
7 both set forth in ECF No. 194) is OVERRULED.
8   IT IS SO ORDERED.

Dated: October 3, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE